IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIGEL TERRENCE MUIR DAVIS, | : |
| Petitioner | : |
| | : CIVIL NO. 1:11-CV-0424 |
| v. | : Hon. John E. Jones III |
| ERIC HOLDER, *et al.*, | : |
| Respondents | : |

## **MEMORANDUM**

March 31, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Nigel Terrence Muir Davis ("Petitioner" or "Davis"), a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who is confined at the York County Correctional Facility in York, Pennsylvania, filed *pro se* the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. §2241.  (Doc. 1.)  He also has filed a Motion requesting leave to proceed *in forma pauperis* (Doc. 4) and a Motion to Appoint Counsel (Doc. 2).

Following a preliminary review of the Petition pursuant to the Rules Governing Section 2254 Cases, Rule 4 (applicable to petitions filed under 28 U.S.C. § 2241 in the discretion of the court), it is concluded that it is appropriate to refer the Petition to ICE

as a request for review pursuant to 8 C.F.R. § 241.13.

In his Petition, Davis states that he is a native and citizen of Panama who was taken into ICE custody on August 14, 2009 and has remained in ICE custody continuously since that date. (Doc. 1 at 3 ¶ 6.) He states that he was ordered removed from the United States on January 26, 2010, and that the BIA dismissed his appeal from the order of removal. (*Id.*)

Davis states that he first arrived in the United States as a lawful permanent resident on or about October 10, 1991. (*Id.* at 4 ¶ 12.) He explains that he was convicted on drug-related offenses in 2003, 2004, and 2005, and that he was arrested by ICE on August 14, 2009 at a meeting with his probation officer. (*Id.* ¶¶ 13-14.)

Davis states that, to date, ICE has been unable to remove him to Panama, and adds that his country has an embassy in the United States. (*Id.* at 5 ¶ 15.) He states that he has provided his deportation officer with information verifying that he was born in Panama. (*Id.* ¶ 16.) Davis alleges that his custody status was first reviewed on August 2, 2010, and that on August 25, 2010, he was served with a written decision ordering his continued detention. (*Id.* ¶ 17.)

Davis states that, on June 2, 2010, he was served with a notice transferring authority over his custody status to Ice Headquarters Post-Order Detention Unit ("HQPDU"), and that he mailed a letter for a petition for redetermination to his

2

deportation officer and to the ICE Field Office Director.  (*Id.* ¶ 18.)  He also alleges that ICE has failed to timely acknowledge or act upon his administrative request for release.  (*Id.* at 8-9 ¶ 27.)

**DISCUSSION**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) provides the following:

> The removal period begins on the latest of the following:
>
> **(i)** The date the order of removal becomes administratively final.
>
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231.  At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & (6).  The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention."  *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).  "Once a removal is no longer reasonably foreseeable, continued detention is no longer

3

authorized by statute." *Id.* at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." *Id.* at 701.

Following *Zadvydas*, regulations were promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the HQPDU for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU. 8 C.F.R. § 241.13(d)(1). Pursuant to 8 C.F.R. § 241.13, special review procedures are established for "those aliens who are subject to a final order of removal and are detained under the custody review proceudres provided at 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). Significantly, an alien may still be detained beyond six months "until it has been determined that there is no

4

significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. 701.

In the instant case, Davis states that he was served with a notice transferring authority over his custody status to the HQPDU on June 2, 2010, and that he was served on August 25, 2010 with a written decision ordering his continued detention. (*See* Doc. 1 at 5-6 ¶¶ 17, 18.)  He alleges that ICE has not timely acknowledged his administrative request for release, but does not specify when he submitted this request. (*Id.* at 8 ¶ 27.)  Consequently, the instant Petition will be dismissed, and ICE will be ordered to treat the instant Petition as a request for release under 8 C.F.R. § 241.13, and will be directed to provide Davis with a response to his request within thirty (30) days.  An appropriate Order will enter on today's date.